**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES L. ARMSTRONG, Individually and On Behalf Of All Others Similarly Situated, Plaintiff, | ) | Case No. 4:25-cv-853 |
| vs. | ) | COMPLAINT |
| JACKSON NATIONAL LIFE INSURANCE COMPANY, | ) | Class Action |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff James L. Armstrong ("Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Jackson National Life Insurance Company ("Defendant"), states and alleges as follows:

**NATURE OF ACTION**

1. This is a class action for breach of contract to recover amounts that Defendant charged Plaintiff and the proposed class in excess of amounts authorized by the express terms of their life insurance policies. Plaintiff's claims are supported by the written provisions of his policy, which are materially the same as those of other policies held by the members of the proposed class.

2. The terms of Plaintiff's life insurance policy provide for an "account value" consisting of monies held in trust by Defendant for Plaintiff, and Defendant is contractually bound to deduct from the account value only those charges that are explicitly identified and authorized by the policy's terms.

3. Despite unambiguous language in the policy, which is a fully integrated insurance agreement, Defendant has repeatedly breached and continues to breach the policy by deducting

charges from Plaintiff's account value in excess of the amounts specifically permitted by the policy.

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the account values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: earn interest; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash.

5. Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "class"):

> All persons who own or owned a life insurance policy issued, assumed, or administered by Defendant, the terms of which provide or provided for: (1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; (2) additional but separate policy charges, deductions, or expenses; (3) an investment, interest-bearing, or savings component; and (4) a death benefit.

6. On behalf of himself and the class, Plaintiff seeks to recover compensatory damages.

## PARTIES

7. Plaintiff James L. Armstrong resides in Lee's Summit, Missouri, and is a citizen of the State of Missouri.

8. Defendant Jackson National Life Insurance Company is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in Lansing, Michigan.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from

Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3) in that a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this judicial district and division.

## FACTUAL BACKGROUND

11. Plaintiff purchased from Allied Life Insurance Company, Defendant's predecessor in interest, an "Adjustable Life Insurance Policy" bearing policy number IN0128292, with a policy date of April 27, 1988, and an initial specified amount of $100,000 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A, and incorporated herein by reference.

12. Plaintiff has always been both the "owner" and the "insured" under the Policy, which remains in force.

13. Defendant is the effective and liable insurer of the Policy, and the policies meeting the class definition (the "Class Policies").

14. The entire contract between Plaintiff and Defendant consists of the Policy, including any attached riders, the application, and any supplemental application for additional specified amounts. Ex. A at p. 5.

15. The terms of the Policy are not subject to individual negotiation and are materially the same for all policy owners.

16. Only the President, Vice President, or Secretary of Defendant has authority to change or modify the Policy or waive any of its provisions, and any such "changes, modifications, or waivers must be in writing." Ex. A at p. 5.

17. Agents do not have authority to change or modify the Policy or waive any of its provisions. Ex. A at p. 5.

18. Defendant, including its predecessors in interest, has issued and administered, and currently administers, all aspects of the Policy and Class Policies, including collecting premiums, and determining, assessing, and deducting policy charges.

19. In addition to a death benefit, the Policy and Class Policies provide policy owners an investment, savings, or interest-bearing component that accumulates value over time. Although the savings component in certain Class Policies may be identified by a different name, it is identified in the Policy and throughout this Complaint as the "account value."

20. Generally, under universal life policies like those owned by Plaintiff and class members, premiums are deposited into the account value of the policy, and the insurer deducts certain amounts directly from premium payments and monthly deductions from the account value as authorized by the policy.

21. The Policy authorizes Defendant to deduct 6% from each premium as an Expense Charge. Ex. A at p. 3.

22. The funds held in the account value are policy owner property that Defendant holds in trust for its policy owners.

23. The Policy and Class Policies expressly identify how the account value is calculated:

> The account value on a deduction day will be the sum of (a), (b), (c) and (d) minus the sum of (e), (f) and (g) where:
>
> (a) is the account value on the preceding deduction day;
>
> (b) is one month's interest on item (a);
>
> (c) is the net premium received since the preceding deduction day;

(d) is interest on each net premium received in (c) from the day it is received by us at our Home Office to the deduction day;

(e) is the monthly deduction for the next policy month;

(f) is any partial surrender since the preceding deduction day; and

(g) is the interest on item (f) from the date of partial surrender to the deduction day.

Ex. A at p. 7.

24. The Policy provides that "[o]n any day other than a deduction day the account value will be calculated as (a) plus (c) minus (f) using the definitions above plus accrued interest." Ex. A at p. 7.

25. The Policy expressly defines the specific charges that Defendant may assess and deduct from Plaintiff's premium payments and the Policy's account value. Defendant may assess and deduct only those charges allowed by the Policy.

26. As mentioned above, the Policy authorizes Defendant to deduct an Expense Charge of 6% from each premium. Ex. A at p. 3.

27. The Policy authorizes Defendant to take from the account value a "Monthly Deduction." The Monthly Deduction "for a policy month will be calculated as (a) plus (b) where:

(a) is the cost of insurance as described in the cost of insurance section of this policy plus the cost of additional benefits proved by rider for the policy month; and

(b) is the policy fee shown on the Policy Data Page.

Monthly cost of insurance rates will be determined by us based on our expectations as to future mortality experience. However, the cost of insurance rates will not be greater than those shown in the Cost of Insurance Rate Table."

Ex. A at p. 7.

28. The Policy authorizes Defendant to deduct a "Policy Fee" in the amount of $4.00 monthly. Ex. A at p. 3.

29. In addition to setting the amount Defendant is authorized to deduct for a Policy Fee, the Policy expressly identifies a separate cost of insurance charge deducted from the account value each month.

30. The Policy identifies how the cost of insurance is calculated:

> The cost of insurance is calculated as (a) multiplied by the result of (b) minus (c) where:
>
> (a) is the cost of insurance rate as described in the Cost of Insurance Rate Table on page 4.
>
> (b) is the Insured's death benefit at the beginning of the policy month divided by 1.004074, and,
>
> (c) is the account value on the deduction day before subtracting the cost of insurance.

Ex. A at p. 7.

31. The Policy discloses how the monthly cost of insurance rates will be determined: "Monthly cost of insurance rates will be determined by us based on our expectations as to future mortality experience." Ex. A at p. 7.

32. The Policy further discloses that:

> The Cost of Insurance Rate is based on the sex, attained age and rate class of the Insured. Attained age means age on the prior Policy Anniversary. The monthly guaranteed cost of insurance rates shown in the Cost of Insurance Rate Table are based on the Commissioners' 1980 Standard Ordinary Mortality Table, Age Last Birthday.

Ex. A at p. 7.

33. Age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

34. Because the Policy expressly states that Defendant will determine the monthly cost of insurance rates based on Defendant's expectations as to future mortality experience and

specifically identifies age, sex, and rate class in the cost of insurance provisions, the parties agreed that Defendant's mortality expectations are what determine monthly cost of insurance rates under the Policy.

35. Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policy owners' account values, including specifically, cost of insurance charges that are calculated using rates that Defendant must determine based on its expectations as to future mortality experience and separate, monthly policy fees.

36. Although the Policy and Class Policies authorize Defendant to determine cost of insurance rates based on its "expectations as to future mortality experience," based on information and belief, Defendant does not determine cost of insurance rates based on its "expectations as to future mortality experience." Defendant uses other undisclosed factors to determine such rates, including without limitation, non-mortality expenses.

37. By failing to determine cost of insurance rates based on its "expectations as to future mortality experience," Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies.

38. By failing to determine monthly cost of insurance rates based on its expectations as to future mortality experience, Defendant repeatedly breaches the Policy and Class Policies by impermissibly inflating those rates such that they exceed Defendant's "expectations as to future mortality experience."

39. The higher cost of insurance rates used by Defendant cause the cost of insurance charge to be greater than what is explicitly authorized by the Policy and Class Policies. Consequently, Defendant withdraws from the account value amounts for the cost of insurance that are greater than those authorized under the Policy and Class Policies.

40. Each of Defendant's past and future cost of insurance deductions from the account values of Plaintiff and the class constitutes separate breaches of contract.

41. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have been damaged, and those damages are continuing in nature in that Defendant has deducted and will continue to deduct cost of insurance charges from the account values of policy owners in unauthorized amounts.

42. By loading cost of insurance rates with undisclosed expense factors, Defendant repeatedly breaches the Policy and Class Policies by impermissibly deducting amounts from the account values of Plaintiff and the class in excess of the fixed expense charge expressly authorized by the Policy and Class Policies.

43. Defendant's inclusion of undisclosed expense loads in the cost of insurance rates is not authorized under the expense provisions of the Policy. Indeed, Defendant charged policy owners the amounts authorized under the Policy's and Class Policies' expense provisions, and therefore, did not have authorization to deduct additional expenses.[1]

44. Each of Defendant's deductions for expenses in excess of the fixed expense charge constitutes separate breaches of contract.

45. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses from the account values of Plaintiff and the class in amounts not authorized by the Policy and Class Policies.

46. The nature of Defendant's conduct is such that Plaintiff and each member of the class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges

[1] In addition, Defendant deducted a policy fee each month for the full amount authorized by the Policy and Class Policies: $4.00.

and improper amounts from account values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy. The cost of insurance rates used to calculate cost of insurance charges are not disclosed to policy owners, nor are the components or factors used to determine those rates. And, even if they were, Plaintiff and the members of the class would lack the knowledge, experience, or training to reasonably ascertain how Defendant calculated the rates and charges included in the Policy.

47. Because of its superior knowledge of the aforementioned computations, Defendant was aware that Plaintiff and each member of the class did not know about the improper deductions. Defendant sent Plaintiff and the class annual reports each year that identified each month's cost of insurance charge while affirmatively concealing the factors Defendant considered and used to determine the cost of insurance rates. Defendant's concealment of its conduct and failure to disclose its conduct to Plaintiff and the class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and proposed class members. Plaintiff did not learn of Defendant's breaches until after he had engaged counsel, who consulted an actuarial expert.

48. Plaintiff did not discover, nor could he have discovered through reasonable diligence, the facts establishing Defendant's breaches or the harm caused thereby.

## CLASS ACTION ALLEGATIONS

49. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(3) and/or 23(c)(4), Plaintiff brings this action on behalf of himself and all others similarly situated, and seeks to represent the following class:

> All persons who own or owned a life insurance policy issued, assumed, or administered by Defendant, the terms of which provide or provided for: (1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; (2) additional but separate policy charges, deductions, or expenses; (3) an investment, interest-bearing, or savings component; and (4) a death benefit.

50. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, employees, or sales agents of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsels' firms, any Judge to whom this case is assigned, and his or her immediate family.

51. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under Federal Rule of Civil Procedure 23, as set forth more fully herein.

52. The persons who fall within the class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because class members are geographically dispersed across the country, joinder of all class members in a single action is impracticable.

53. Class members are readily ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can readily be provided to the class.

54. There are questions of law and fact common to the claims of Plaintiff and the class that predominate over any questions affecting only individual class members. The questions of law and fact arising from Defendant's actions that are common to the class include, without limitation:

(a) Whether Defendant is permitted by the Class Policies to determine cost of insurance rates that are not based on its expectations as to future mortality experience;

(b) Whether Defendant determines cost of insurance rates that are not based on its expectations as to future mortality experience;

(c) Whether Defendant is permitted by the Class Policies to consider and use undisclosed factors to determine the cost of insurance rates used to calculate cost of insurance charges;

(d) Whether Defendant considered, added, included, used, or relied on undisclosed factors to determine the cost of insurance rates used to calculate cost of insurance charges;

(e) Whether Defendant breached the terms of the Class Policies;

(f) Whether the class sustained damages as a result of Defendant's breaches of contract; and

(g) Whether the class is entitled to damages, restitution, and/or other equitable relief.

55. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

56. Plaintiff's claims are typical of the claims of the class in that Plaintiff and the class members all purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policy and Class Policies.

57. Plaintiff will fairly and adequately protect and represent the interests of the proposed class because his interests are aligned with, and not antagonistic to, those of the proposed class. He is represented by counsel who are experienced and competent in the prosecution of class action litigation, and who have particular expertise with class action litigation on behalf of owners of universal life insurance policies.

58. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the class to bring a separate action. Because of the relatively small size of individual class members' claims, absent a class action, most class members would likely find the cost of litigating their

claims prohibitively high and would have no effective remedy. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**COUNT I: BREACH OF CONTRACT**
**(Cost of Insurance Charge)**

59. The preceding paragraphs are incorporated by reference as if fully alleged herein.

60. Plaintiff and the class purchased life insurance policies—the Policy and Class Policies—from Defendant.

61. The Policy and Class Policies are valid and enforceable contracts between the Defendant and Plaintiff and class members.

62. Plaintiff and the class substantially performed their obligations under the terms of the Policy and Class Policies.

63. The Policy and Class Policies require Defendant to determine cost of insurance rates based on its expectations as to future mortality experience.

64. Defendant does not determine cost of insurance rates based on its expectations as to future mortality experience.

65. Although its mortality expectations have generally improved because people are living longer today than when the Policy and Class Policies were initially priced, Defendant has, on information and belief, failed to reduce cost of insurance rates for the Policy and Class Policies to reflect those improved mortality expectations.

66. Defendant uses unauthorized and undisclosed factors to determine its cost of insurance rates.

67. Defendant impermissibly causes cost of insurance rates to be higher for the Policy and the Class Policies.

68. Because Defendant calculates cost of insurance charges using cost of insurance rates that are higher than those authorized by the Policy and Class Policies, Defendant has deducted and will deduct cost of insurance charges from the account values of Plaintiff and the class in amounts greater than those authorized by their policies.

69. Defendant's practice of deducting charges in amounts not authorized by the Policy and Class Policies results in repeated breaches of the policies.

70. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT
**(Expense Charges)**

71. The preceding paragraphs are incorporated by reference as if fully alleged herein.

72. By loading cost of insurance rates with undisclosed expense factors, Defendant impermissibly deducts expenses from the account values of Plaintiff and the class in amounts in excess of the maximum expense charges expressly authorized by their policies.

73. By deducting unauthorized expense charges from the account values of Plaintiff and the class, Defendant has breached and continues to breach the Policy and Class Policies.

74. As a direct and proximate result of Defendant's breaches, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(e) For Plaintiff's attorney's fees;

(f) For Plaintiff's costs incurred; and

(g) For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

October 30, 2025

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Patrick J. Stueve*
Patrick J. Stueve, MO Bar # 37682
Ethan M. Lange, MO Bar # 67857
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: stueve@stuevesiegel.com
Email: lange@stuevesiegel.com

- And -

John J. Schirger, MO Bar # 60583
Joseph M. Feierabend, MO Bar # 62563
**SCHIRGER FEIERABEND LLC**
6811 Shawnee Mission Parkway, Suite 312
Overland Park, KS 66202
Telephone: 816-561-6500
Facsimile: 816-561-6501
Email: schirger@SFlawyers.com
Email: feierabend@SFlawyers.com

*Attorneys for Plaintiff James L. Armstrong*