# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JAMES L. ARMSTRONG, Individually and on Behalf of All Others Similarly Situated, )
)
)
)

Plaintiff, )
)
v. )      Case No. 25-00853-CV-W-LMC
)
JACKSON NATIONAL LIFE )
INSURANCE COMPANY, )
)
Defendant. )

## ORDER

Pending before the Court is Defendant Jackson National Life Insurance Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Doc. #17).  Defendant requests that this matter be transferred to the United States District Court for the Western District of Michigan.  (Doc. #17.) Plaintiff James L. Armstrong opposes the transfer.  (Doc. #26.)  For the reasons stated below, the Court denies Defendant's motion.

## I.     BACKGROUND

On October 30, 2025, Plaintiff James L. Armstrong, individually and on behalf of all others similarly situated, filed his Class Action Complaint and Demand for Jury Trial (Complaint).  (Doc. #1.)  In his Complaint, Plaintiff alleges that he purchased an Adjustable Life Insurance Policy through Allied Life Insurance Company, Defendant's predecessor in interest, on April 27, 1988. (Doc. #1 at 3, ¶11.)  The policy provides a death benefit as well as "an investment, savings, or interest-bearing component that accumulates value over time[,]" which is identified as the account value.  (Doc. #1 at 4, ¶19.)  The funds deposited into the account value, according to the Complaint,

are the property of the policy owner held in trust by Defendant. (Doc. #1 at 4, ¶22.) The policy authorizes Defendant to take certain monthly deductions, including a 6% expense charge and a policy fee of $4.00. (Doc. #1 at 4-5, ¶¶ 21, 26-28.) Additionally, Defendant is authorized under the policy to deduct a monthly cost of insurance charge. (Doc. #1 at 6, ¶29.) The policy sets forth several factors that are considered in determining the monthly cost of insurance rate, including sex, attained age, and rate class. (Doc. #1 at 6, ¶32.) Plaintiff alleges that Defendant uses additional factors in determining the monthly cost of insurance rate that go beyond factors related to expectations as to future mortality experience. (Doc. #1 at 7, ¶36.) Count I alleges that by utilizing factors beyond expectations as to future mortality experience, Defendant has breached, and continues to breach, the policy. (Doc. #1 at 12-13.) Count II alleges that Defendant breached and continues to breach the policy by increasing the cost of insurance rates with undisclosed factors in excess of the maximum expense charges authorized by the policy. (Doc. #1 at 13.) Plaintiff's original Complaint was brought on behalf of himself and of all others similarly situated, and defined the class as

> All persons who own or owned a life insurance policy issued, assumed, or administered by Defendant, the terms of which provide or provided for: (1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; (2) additional but separate policy charges, deductions, or expenses; (3) an investment, interest-bearing, or savings component; and (4) a death benefit.

(Doc. #1 at 9, ¶49.)

Following Defendant's filing of the current motion, Plaintiff filed his First Amended Class Action Complaint and Demand for Jury Trial (Amended Complaint) on January 27, 2026, wherein he redefined the class to:

> All persons who own or owned a life insurance policy: issued in the state of Missouri; issued, assumed, or administered by Defendant; and, the terms of which provide or provided for: (1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to

2

future mortality experience; (2) additional but separate policy charges, deductions, or expenses; (3) an investment, interest-bearing, or savings component; and (4) a death benefit.

(Doc. #25.)  Plaintiff also added a claim for conversion (Count III).  (Doc. #25 at 14.)

## II.   STANDARD

Defendant seeks transfer pursuant to 28 U.S.C. §1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).  "Section 1404(a) applies only if the initial federal forum is a proper venue."  14D Fed. Prac. & Proc. Juris. (Wright & Miller) § 3829 (4th ed.).  "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  Ultimately, "district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted."  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).  "Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985).  Federal courts generally defer to plaintiff's venue choice and therefore a party requesting transfer bears the burden of proving transfer is justified. *Terra Int'l, Inc.*, 119 F.3d at 695.  Change of venue is left to the discretion of the district court.  *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985).

## III.   ANALYSIS

Defendant argues that the Western District of Michigan is a more convenient forum because Defendant is headquartered there, the challenged conduct occurred there, and the key witnesses are located there.  (Doc. #18 at 5.)  Plaintiff resists Defendant's motion and asserts that the policy

3

was issued in Missouri, the named Plaintiff is a Missouri resident, and the proposed class includes individuals who obtained a Missouri issued policy. (Doc. #26 at 1.)

There is no dispute that this action could have been brought in the Western District of Michigan. (Doc. #26 at 4.) Therefore, the Court will conduct the §1404(a) analysis described above.

### A. Convenience of the Parties

The parties have not provided strong arguments as to the convenience of the parties and have instead focused on the convenience of the witnesses. Plaintiff is a resident of the Western District of Missouri, and therefore venue in this District would be convenient to Plaintiff, whereas venue in the Western District of Michigan would be inconvenient. On the other hand, the current venue would be inconvenient for the Defendant, a citizen of Michigan with its headquarters within the Western District of Michigan. "[A] transfer which would merely shift the inconvenience from one party to another should not be granted." *Houk*, 613 F. Supp. at 928. Therefore, the Court finds that this factor does not favor transfer.

### B. Convenience of the Witnesses

The convenience of witnesses is the most important factor in determining whether a change of venue is appropriate. *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 532 (W.D. Mo. 1987). Generally, in analyzing this factor, "[t]he number of potential witnesses located in or near a suggested forum as well as 'the nature and quality of their testimony in relationship to the issues of the case' must be considered." *Id.* "In analyzing the convenience-of-witnesses factor, the Court must focus on non-party witnesses, since 'it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear

voluntarily in a foreign forum.'" *Cosm. Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1106 (D. Minn. 2010).

Defendant asserts that other than the named Plaintiff "none of the currently known witnesses are located in Missouri." (Doc. #18 at 12.) Defendant has identified five "main witnesses," all employed by Defendant and who live and work in Michigan. (Doc. #18 at 12; Doc. #18-1 at 2, ¶10.) There is no dispute that Defendant is subject to this Court's jurisdiction and therefore, "they will be required to make these employees available for deposition and trial even if this case" remains in this District. *Daughters of Charity Nat'l Health Sys., Inc. v. Travelers Indem. Co.*, No. 4:05CV1009 CDP, 2005 WL 8176932, at *5 (E.D. Mo. Sept. 12, 2005). Nevertheless, Defendant argues employee witnesses' inconvenience should be factored into this decision. In support of its assertion, Defendant cites *Smithson v. Jackson Nat'l Life Ins. Co.*, No. CV177485FMORAOX, 2018 WL 5099510, at *3 (C.D. Cal. May 29, 2018), which found that the fact that the defendant had "control over its current employees does not necessarily mean it is convenient for its employees to appear in California." While this Court concedes that convenience of employee witnesses should be given some consideration, courts in the Eighth Circuit have routinely held that "inconvenience caused to party-employees is not of paramount concern because" they are within the control of the party-employer. *Geismann v. ZocDoc, Inc.*, No. 4:14CV472 CDP, 2014 WL 4230910, at *2 (E.D. Mo. Aug. 26, 2014) (internal quotations omitted); *Harrison v. Gen. Motors Co.*, No. 17-3128-CV-S-SRB, 2017 WL 11341317, at *2 (W.D. Mo. Sept. 25, 2017); *Hex Stone Inc. v. JRC Marine, LLC*, No. 2:19 CV 24 (JMB), 2019 WL 13104817, at *4 (E.D. Mo. Aug. 7, 2019); *Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc.*, No. 4:14-CV-2073 CEJ, 2015 WL 1526005, at *4 (E.D. Mo. Apr. 2, 2015); *Sitzer v. Nat'l Ass'n of Realtors*, No. 4:19-CV-00332-SRB, 2019 WL 11648563, at *2 (W.D.

Mo. Aug. 22, 2019);  *Turner v. ILG Techs., LLC*, No. 2:21-CV-04192-NKL, 2022 WL 4543209, at *6 (W.D. Mo. Sept. 28, 2022);  *Moore v. Compass Grp. USA*, Inc., No. 4:18CV1962 RLW, 2019 WL 4723077, at *4 (E.D. Mo. Sept. 26, 2019).  Therefore, while this Court recognizes that the party-employees will be inconvenienced by a trial in this venue, the Court finds that this factor only slightly weighs in favor of a transfer of venue but should not be given the type of primary importance that this factor normally receives.  *See Midwest Mech. Contractors, Inc.*, 659 F. Supp. at 532 (finding that the "convenience of witnesses is the primary factor in determining the appropriateness of transfer.)

### C.  Interests of Justice

The interests of justice factors considers: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."  *Terra Int'l, Inc.*, 119 F.3d at 696.

"[J]udicial economy typically relates to docket congestion and time of disposition in the two forums, [however, 's]everal courts have noted that judicial economy also supports the transfer of cases to a court that has dealt with the same major issues in other cases.'"  *Burgard v. Alpha Prop. & Cas. Ins. Co.*, No. 5:21-CV-05060-KES, 2022 WL 2869604, at *5 (D.S.D. July 21, 2022).  Neither party has argued that judicial economy should have an impact on this matter, and a review of the Combined Civil and Criminal Federal Court Management Statistics (December 31, 2025) reveals largely similar dockets.  Plaintiff urges this Court to deny transfer as this Court has had to analyze similar types of claims, but this sort of claim does not require a court to have specialized understanding of the subject matter.  Therefore, this factor is neutral.

Generally, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 265-66 (1981). The Court in *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) found that the "'general' practice of according deference is based on an assumption that the plaintiff's choice will be a convenient one." Some courts in this Circuit have given less deference to a Plaintiff's choice where the matter involved a purported class action, especially where the class may be disseminated throughout the nation. *In re Eyewear Antitrust Litig.*, No. 23-CV-3065 (KMM/JFD), 2024 WL 2956631, at *10 (D. Minn. June 12, 2024); *Arnold v. LME, Inc.*, No. 19-CV-00555-FJG, 2020 WL 13470567, at *6 (W.D. Mo. Sept. 22, 2020); *Guiette v. U.S. Bank Nat'l Ass'n*, No. CV 17-1859 (DWF/DTS), 2017 WL 6001738, at *6 (D. Minn. Dec. 4, 2017); *Williams v. GatherApp, Inc.*, No. 17-CV-00572-W-DW, 2017 WL 11025324, at *5 (W.D. Mo. Sept. 26, 2017); *Geismann v. ZocDoc, Inc.*, No. 4:14CV472 CDP, 2014 WL 4230910, at *4 (E.D. Mo. Aug. 26, 2014); *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13CV00052 AGF, 2013 WL 2403666, at *4 (E.D. Mo. May 31, 2013); *Cunningham v. United Air Lines, Inc.*, No. 4:13-CV-322-JAR, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013); *Silverberg v. H&R Block, Inc.*, No. 4:06CV00519 ERW, 2006 WL 1314005, at *2, n. 6 (E.D. Mo. May 12, 2006). Other courts have found that so long as a named plaintiff resides in the district and relevant conduct occurred in the district then the plaintiff's choice of forum should be given deference. *Adewol v. Frickenschmidt Foods LLC*, No. 4:22 CV 254 CDP, 2022 WL 4130789, at *4 (E.D. Mo. Sept. 12, 2022); *Sitzer*, 2019 WL 11648563, at *3, *Moore,* 2019 WL 4723077, at *3-4. This Court finds the latter cases to be persuasive. Plaintiff, a citizen of Missouri who resides in the Western District of Missouri, has amended the purported class to include those policies issued in Missouri. Therefore, the Plaintiff's choice of forum in this matter is a convenient

7

one. Furthermore, as will be discussed more fully below, the fact that some individuals may have moved since purchasing the policy does not alter the fact that Missouri is a convenient forum even for non-residents. Therefore, the Plaintiff's choice of forum is entitled to deference.

The parties spend a great deal of time on the issue of whether this Court would have personal jurisdiction of nonresident class holder's claims. Defendant argues that this Court would not have personal jurisdiction over Defendant in a matter involving a nationwide class. (Doc. #18 at 10, n.3.) Defendant's original argument on this matter was raised prior to the filing of the Amended Complaint. The Amended Complaint limited the class to "[a]ll persons who own or owned a life insurance policy: issued in the state of Missouri; issued, assumed, or administered by Defendant[.]" (Doc. #25 at 2.) Despite the narrowed class, the parties continue to argue over whether *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,* 582 U.S. 255, 278, 137 S. Ct. 1773, 1789 (2017) applies to class actions. This Court need not decide whether *Bristol-Myers Squibb Co.* applies to class actions as it is not clear that *Bristol-Myers Squibb Co.* applies to this matter at all given the Amended Complaint. The Court in *Bristol-Myers Squibb Co.* emphasized that what was missing in that matter was "a connection between the forum and the specific claims at issue." *Id.* at 256. Here, there is a connection between this state and the specific claims at issue as the policies were issued in Missouri. Defendant has not argued nor presented case law that indicates such a connection is insufficient for non-resident plaintiffs.

Defendant strongly urges this Court to transfer this matter because the alleged conduct occurred in Michigan. (Doc. #18 at 7.) The fact that decisions and actions of Defendant's employees occurred in Michigan does not provide Michigan with a more substantial interest in the litigation where the policies at issue were purchased in Missouri and potentially involve claims from participants who no longer reside in Missouri. *See Compression Tech. Sols. LLC v. EMC*

8

*Corp.*, No. 4:11CV1579 TCM, 2012 WL 1188576, at *8 (E.D. Mo. Apr. 6, 2012) (finding that the "sale of an accused product offered nationwide does not give rise to a substantial interest in any venue. . . ." (internal quotation and citation omitted)). As the parties point out, both Missouri and Michigan have an interest in determining the issue and this Court does not find that one interest outweighs the other.

Furthermore, the Court finds that Defendant's argument goes to the choice of law factor. "Missouri choice of law rules require courts to apply the most significant relationship test set out in Section 188 of the Restatement (Second) of Conflict of Laws[,]" which balances various factors depending on whether the claim "sounds in contract or tort law[.]" *Crater Corp. v. Lucent Techs., Inc.*, 625 F. Supp. 2d 790, 800-01 (E.D. Mo. 2007) (internal quotations and citations omitted). Missouri choice of law analysis regarding conversion illustrates that the place where the "conduct causing the injury occurred" should not override where the injury occurred. *Meek v. Kansas City Life Ins. Co.*, 126 F.4th 577, 584 (8th Cir. 2025). If the two factors do not align, courts use a tiebreaker: "the place where the act t[ook] harmful effect or produce[d] the result complained of is the more significant contact." *Id.* (internal quotation and citations omitted). Similarly, with regard to matters sounding in contract, Missouri courts look at several factors including "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties." *Dillard v. Shaughnessy, Fickel & Scott Architects, Inc.*, 943 S.W.2d 711, 715 (Mo. Ct. App. 1997). These factors indicate that the choice of law for either the contract claims or the tort claim is unlikely to point to Michigan, whereas Missouri is likely to supply the law regarding the named Plaintiff. With regard to the class members who do not reside in Missouri, the conflict of law question still needs to be answered.

9

However, a Michigan court would be in the same position as this Court in determining another state's law. Therefore, the fact that the decisions and actions leading to the alleged injury/breach of contract were made in Michigan does not support a change of venue. Instead, the choice of law factor falls in favor of this Court retaining venue given that Missouri law will likely apply to the named Plaintiff's claims.

Defendant also argues that the ease of access to evidence favors Michigan as the Defendant "administers and manages the at-issue policies from its headquarters in Lansing, Michigan." (Doc. #18 at 9.) The Affidavit of Ryan T. Mellott, the Vice President employed by Defendant in its Actuarial Department, indicates that "principal repository for documents regarding Jackson's actuarial functions, compliance and oversight of the third-party administrator related to the life insurance policies potentially at issue in this case is in Jackson's headquarters in Lansing, Michigan." (Doc. #18-1 at 3, ¶12.) The Mellott Affidavit fails to indicate how the documentation is stored. Defendant has, therefore, not met its burden of proof in showing that this factor supports transfer as documents stored electronically can easily be transferred. *See Moore*, 2019 WL 4723077, at *4; *Penrose v. Buffalo Trace Distillery, Inc.*, No. 4:17CV294 HEA, 2017 WL 2334983, at *3 (E.D. Mo. May 30, 2017). Furthermore, Defendant has neither argued nor shown the need to "refer to original documents or evidence[.]" *See In re Apple*, 602 F.3d at 914 (discussing ease of access to electronically stored information and when the factor may be of more importance). Therefore, the Court finds that this factor is neutral.

The parties have not presented arguments on the ability to enforce a judgment or whether there are obstacles to a fair trial beyond those mentioned above. Therefore, this Court finds that these factors are neutral.

Taken together, the balance of factors does not strongly point to transferring this matter to the Western District of Michigan. Plaintiff's choice of forum is given deference and the location of Defendant's "employee-witnesses is not enough to overcome the deference given to Plaintiffs' choice of forum." *Luckey v. Alside, Inc.*, No. CV 15-2512 (JRT/JSM), 2016 WL 1559569, at *5 (D. Minn. Apr. 18, 2016). Therefore, this Court denies Defendant's motion.

IV.     CONCLUSION

It is therefore

ORDERED that Defendant Jackson National Life Insurance Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Doc. #17) is denied.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE

11